IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| MIGUEL TIDWELL<br>5349 Columbia Rd., #J<br>Columbia, Maryland 21044 | * <br> * | |
| Plaintiff, | * | Civil Action No.: RDB-16 CV 0421 |
| v. | | *Removed from the Circuit Court for* |
| | * | *Howard County, Maryland* |
| IMPAQ INTERNATIONAL, LLC<br>10420 Little Patuxent Parkway, Suite 300<br>Columbia, Maryland 21044 | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, IMPAQ International, LLC ("IMPAQ"), pursuant to 28 U.S.C. §1441, *et seq.*, files this Notice of Removal and as grounds for removal says:

1. This *pro se* action brought by Miguel Tidwell ("Tidwell") in the Circuit Court for Howard County, Maryland and styled as *Miguel Tidwell v. IMPAQ International, LLC, Case No.: C-15-106173 OC,* was filed on December 28, 2015.

2. Defendant was served with the Complaint on January 15, 2016.

3. This claim is brought under the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.* ("ADA"). Mr. Tidwell alleges that he was discriminated against based on his disabilities. Mr. Tidwell does not specifically identify any statutory basis (state or federal) for his claim, but represents that his administrative charge of discrimination was cross-filed with the United States Equal Employment Opportunity Commission ('EEOC") and that: "It was the EEOC that gave me a Letter of the Right To Sue." (Complaint at page 3). The EEOC only has jurisdiction to afford Plaintiff a "Right To Sue" for disability discrimination under the ADA.

4. A number of courts have held that in cases involving *pro se* plaintiffs, such as Mr. Tidwell, that a plaintiff may successfully state a claim under the federal discrimination laws even

where the complaint does not specifically invoke Title VII, the ADA or other federal statute. *See, e.g., Baldwin v. Metropolitan Water Reclamation Dist. Of Greater Chicago*, 47 Fed. Appx. 304 (7th Cir. 2012)(finding that district court had subject matter jurisdiction even where the body of the *pro se* Plaintiff's complaint does not mention a federal statute, where plaintiff attached her right to sue letter); *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330 (11th Cir. 1984)(filing a right to sue letter in conjunction with a copy of the charge of discrimination which sets forth allegations of discrimination satisfied federal pleading rules); *Page v. Arkansas Dept. of Correction*, 222 F.3d 453, 454 (2000)(*pro se* plaintiff's letter to clerk requesting assistance in filing suit, along with right to sue letter and EEOC charge satisfied pleading requirements); *West v. Adecco Employment Agency*, 124 Fed. Appx. 991 (6th Cir. 2005) (*Pro se* complaint against former employer alleging discrimination sufficiently stated grounds for subject matter jurisdiction even though complaint did not specify whether causes of action were state or federal law claims, where copy of right-to-sue letter was attached to complaint). *See also, Meyer v. Choice Hotels Int'l., Inc.*, 2007 WL 1725293 (E.D. Mo. 2007) ("In the context of employment discrimination, a complaint containing factual allegations of discrimination with an EEOC right-to-sue letter attached to it alleges a claim under Title VII. . . Here, the Complaint sets out the factual circumstances behind the alleged discrimination and references an EEOC right-to-sue letter. Under the liberal pleading requirements of the Federal Rules of Civil Procedure, Plaintiff has alleged a cause of action under Title VII).[1]

5.  IMPAQ is also aware that some courts have held that the mere mention of a "right to sue" letter is not sufficient to support removal where the plaintiff specifically pled a state law claim. *See. e.g., Addison v. Grillot Land & Marine, LLC*, 2002 WL 1298761, *2 (E.D. La. 2002)

---

[1] *But see, Fouche, infra.*, where the same court declined to follow its earlier decision in *Meyer*, both because it was decided before the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which imposed more stringent pleading standards, and because the two appellate decisions it relied upon involved *pro se* plaintiffs, whereas the plaintiff in *Fouche* was represented by counsel.

(where plaintiff's race discrimination claim specifically invokes state anti-discrimination law, allegations that: "'EEOC issued a 'Right to Sue' letter" and that "Your petitioner files this petition pursuant to this 'Right to Sue' authorization by the EEOC", did not raise a federal question under the Title VII); "); *Cross v. The Children's Place Retail Stores, Inc.*, 2015 WL 3416886, *2-3 (E.D. Mo. 2015)(where plaintiff pleads a state law discrimination claim, allegation that he filed a claim with the EEOC and that the EEOC issued a right to sue letter, does not state a claim under the ADA); *Fouche v. Missouri Am. Water Co.*, 2012 WL 2718925 (E.D. Mo. 2012) (remand ordered where plaintiff asserted a claim under state discrimination law, even though he also alleges that he filed a charge with the EEOC, received the EEOC right to sue letter and filed action within EEOC's 90 day period, but does not mention Title VII). These cases are distinguishable because Mr. Tidwell did not reference any state or local anti-discrimination statutes in his complaint.

6. In other cases, courts have held that removal more than 30 days after service of an initial pleading was not untimely because the plaintiff's reference to or incorporation of the right to sue letter, or mere mention of a federal law, in the initial pleading did not state a federal claim so as to trigger the time for removal. Impliedly, these cases found that earlier removal would have been premature. *See, e.g., Cisneros v. DAKM, Inc.*, 2014 WL 258755, *3 (S.D. Tex. 2014)(allegation in initial pleading, which provided no statutory reference for the claims asserted, that plaintiff filed a timely complaint with the EEOC and received a right to sue letter, which he attached to the complaint, "did not make the statutory source of his claim evident"); *Maheshwari v. University of Texas- Pan Am.*, 460 F. Supp.2d 808 (S.D. Tex. 2006)(amended complaint which alleged a discrimination claim under state law, but merely identified Title VII and the ADA in the conditions precedent section, did not clearly state a federal question, and removal after plaintiff identified a federal claim in answers to interrogatories was timely). *See*

*also, Wright v. Thomas*, 2013 WL 6279203, *adopting report and recommendation in part and rejecting in part on other grounds*, 2013 WL 6281117 (M.D. Pa. 2013)(where original complaint made only "passing references" to federal statutes governing student privacy, remand was denied where defendant removed 20 days after plaintiff filed an amended pleading that alleged a violation of 42 U.S.C. § 1983). None of these cases, however, involved a *pro se* plaintiff and, accordingly, were not subject to the "less stringent standards" afforded pleadings filed by individuals without counsel. *West, supra*, at 992. See also, *Lanier-Finn v. Department of the Army*, 963 F. Supp.2d 476, 481 (D. Md. 2013), *quoting, Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("Complaints filed by pro se plaintiffs are 'to be liberally construed ... a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'")(ellipsis in original).

7. In the absence of identifying any statutory basis for his claim, IMPAQ believes that by indicating that he was filing suit pursuant to the EEOC's right to sue letter and filing suit within the EEOC's 90-day filing period, Mr. Tidwell intended to state a claim for disability discrimination under the ADA. The EEOC's "Dismissal and Notice of Rights" informing Mr. Tidwell that "Your lawsuit **must be filed WITHIN 90 DAYS of you receipt of this notice; or your right to sue based on this charge will be lost**" was mailed on October 5, 2015. (See Exhibit 1)(emphasis in original). Mr. Tidwell filed suit 84 days later.

8. The action is removable to the United States District Court for the District of Maryland pursuant to 28 U.S.C. §1441(a), since it is a civil action brought in a state court of which the District Courts of the United States have original jurisdiction. Because the action purports to state a claim under the ADA, it is an action arising under the laws of the United States and is removable without regard to the citizenship or residence of the parties.

9. Filed herewith on a compact disc, pursuant to 28 U.S.C. §1446 (a), is a copy of all process, pleadings and orders served on the parties in this action pending in the Circuit Court for Howard County, Maryland.

WHEREFORE, the Defendant requests that the civil action known as *Miguel Tidwell v. IMPAQ International, LLC, Case No.: C-15-106173 OC*, in the Circuit Court for Howard County, Maryland, be removed to the United States District Court for the District of Maryland.

Respectfully submitted,

_____
Charles R. Bacharach, Fed. Bar #06751
Gordon Feinblatt LLC
233 East Redwood St., Baltimore, MD 21202
410/576-4169   FAX 410/576-4292
cbacharach@gfrlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of February, 2016, a copy of the foregoing Notice of Removal was mailed, first-class, postage prepaid, to Miguel Tidwell, 5349 Columbia Road, #J, Columbia MD 21044.

_____
Charles R. Bacharach