IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| MIGUEL D. TIDWELL | * | |
| | * | |
| Plaintiff, | | Civil Action No.:1:16-cv-00421-RDB |
| | * | |
| v. | | |
| | * | |
| IMPAQ INTERNATIONAL, LLC | | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

IMPAQ International, LLC ("IMPAQ") answers the Complaint of Miguel D. Tidwell and states as follows:

## INTRODUCTION

This action was filed by Miguel D. Tidwell, who is proceeding *pro se*. Mr. Tidwell did not set his allegations out in separately numbered paragraphs, as is required by Fed. R. Civ. P. 10. Instead, the allegations contained in complaint are set forth in narrative form consisting of three paragraphs. IMPAQ has attempted to respond to the separate allegations contained in each paragraph.

## RESPONSE TO ALLEGATIONS

**First Paragraph:** IMPAQ denies the allegations contained in the first paragraph of the Complaint.

**Second Paragraph:** IMPAQ admits: that Mr. Tidwell was employed by IMPAQ for approximately eight (8) years, that he was initially employed on a part-time basis and later

became a full-time employee eligible for benefits in 2008; that Mr. Tidwell was suspended for two (2) days, July 9 and 10, 20014 for committing a second break overage violation, which was authorized by his supervisors; that Mr. Tidwell filed a complaint with the Howard County Office of Human Rights; that Mr. Tidwell's administrative complaint was cross-filed with the United States Equal Employment Opportunity Commission ("EEOC"), and; that the EEOC issued Mr. Tidwell a "Dismissal Notice of Rights" informing him of his right to file suit under federal law. IMPAQ denies the remaining allegations contained in the second paragraph of the Complaint.

**Third Paragraph:** IMPAQ admits: that Mr. Tidwell worked on a number of projects during his employment with IMPAQ; that Mr. Tidwell sometimes worked on more than one project during the same period of time, and; that for a brief period of time a sign was placed on Mr. Tidwell's chair that informed other employees that the chair was reserved for Mr. Tidwell for ergonomic reasons, but did not indicate that he had a disability. IMPAQ denies the remaining allegations contained in the third paragraph of the Complaint. Further answering, IMPAQ engaged in the interactive process with Mr. Tidwell as is required by the American Disabilities Act, however, Mr. Tidwell failed to participate in the interactive process.

WHEREFORE, Defendant requests that the Court enter an Order:

A. Dismissing the Complaint with prejudice;

B. Awarding the Defendant its attorneys' fees and costs; and,

C. Awarding Defendant such other and further relief as the Court may deem appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff voluntarily resigned and/or abandoned his employment.

**SECOND AFFIRMATIVE DEFENSE**

No status protected under Title VII of the Civil Rights Act of 1964 or Maryland State Government Article §20-601, *et seq.*, or any other applicable law, was a factor in any employment action by IMPAQ, and IMPAQ expressly denies any allegations to the contrary.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has no damages, and to the extent that he does, he has failed to mitigate his damages as required by law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

IMPAQ is entitled to a set off for all amounts Plaintiff earned or could have earned in the mitigation of his claimed damages.

**SIXTH AFFIRMATIVE DEFENSE**

IMPAQ has policies against discrimination of any kind, and reasonable and available procedures for handling claims thereof, which provide for prompt and effective responsive action.  IMPAQ exercises reasonable care to prevent and correct promptly any unlawful behavior.  To the extent that Plaintiff failed to utilize or otherwise avail himself of these policies and procedures, his claims of alleged discrimination are barred.  In addition, to the extent Plaintiff otherwise failed to act or has acted unreasonably to avoid the alleged harm which he claims to have suffered, his claims are barred.

**SEVENTH AFFIRMATIVE DEFENSE**

IMPAQ has at all times acted and continues to act in good faith, without malice, without intent and without willfulness such that the relief sought (including but not limited to punitive and/or liquidated damages) is not available.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may attempt to state a claim under a "mixed motive" theory of liability, IMPAQ asserts that it would have taken the same actions with respect to Plaintiff in the absence of any alleged consideration of any alleged protected status.

### NINTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint and the requests for relief are barred, in whole or in part, because the acts Plaintiff alleges, even if they occurred, were not because of his alleged disability, alleged record of disability, or because he was regarded as disabled.

### TENTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint and the requests for relief are barred, in whole or in part, because there was no causal connection between any alleged protected activity and any adverse employment action.

### ELEVENTH AFFIRMATIVE DEFENSE

IMPAQ fully participated in the interactive process required by the Americans with Disabilities Act to determine an appropriate accommodation to allow Plaintiff to perform the essential functions of his job; Plaintiff failed to participate in the interactive process required by the Americans with Disabilities Act.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by his failure to exhaust administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

IMPAQ is not required to lower or otherwise modify its production standards as an accommodation.

## FIFTEENTH AFFIRMATIVE DEFENSE

IMPAQ expressly reserves the right to raise such further and additional affirmative defenses as may be available upon the facts developed in discovery or as may be applicable under law.

Respectfully submitted,

_____/s/_____
Charles R. Bacharach
410/576-4169    FAX 410/576-4292
Gordon Feinblatt LLC
233 East Redwood St.,
Baltimore, MD  21202
cbacharach@gfrlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  23rd day of February, 2016, a copy of the foregoing Answer was mailed, first-class, postage prepaid, to Miguel D. Tidwell, 5349 Columbia Road, #J, Columbia, MD 21044.

_____/s/_____
Charles R. Bacharach