IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MIGUEL D. TIDWELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-421 |
| IMPAQ INTERNATIONAL, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

*Pro se* plaintiff Miguel D. Tidwell filed this action against defendant IMPAQ International, LLC ("Impaq") alleging unlawful discrimination based on plaintiff's physical and mental impairments. (ECF No. 2.) Tidwell originally filed his Complaint in the Circuit Court for Howard County, Maryland, and Impaq removed the case to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, asserting that Tidwell's claims arise under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

Currently pending is plaintiff's Motion to Remand ("Plaintiff's Motion") (ECF No. 12).[1] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Plaintiff's Motion (ECF No. 12) is DENIED.

---

[1] Also pending are the parties' cross-motions for summary judgment. (ECF Nos. 33, 34.) These motions will be addressed separately in due course.

## BACKGROUND

Plaintiff Miguel D. Tidwell worked for defendant from May 2006 until October 31, 2014. (ECF No. 2 at 1, 3.) Plaintiff alleges that in late 2013, he notified Impaq's Human Resources department of his mental disability[2] and glaucoma. (*Id.* at 2.) Subsquently, plaintiff alleges, another employee of defendant, Stephanie Naber, discriminated against him on account of his disabilities. (*Id.* at 1.) Specifically, plaintiff alleges that by designating an ergonomic chair in the office for Mr. Tidwell's exclusive use, Ms. Naber expressly labelled Mr. Tidwell as "disabled" in violation of the Americans with Disabilities Act. (*Id.* at 2-3.)

Plaintiff resigned from his position on October 31, 2014, and subsequently filed a Complaint against Impaq with the Office of Human Rights in Columbia, Maryland. (ECF No. 2 at 3.) The Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), which ultimately issued plaintiff a Right-to-Sue letter. (*Id.*) Plaintiff subsequently filed suit in the Circuit Court for Howard County, Maryland, and defendant removed the case to this Court.

## STANDARDS OF REVIEW

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal, and not the party seeking remand, bears the burden of establishing jurisdiction in the federal court. *Mulcahey v. Columbia Organic Chemicals*

---

[2] Plaintiff does not specifically identify his mental disability.

*Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority, and must "do more than simply point jurisdictional traffic in the direction of state courts." *17th Street Associates, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 592 (E.D. Va. 2005). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahy*, 29 F.3d at 151; *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

ANALYSIS

Impaq argues that this Court properly exercises subject matter jurisdiction over this case because Tidwell's claims arise under the ADA, 42 U.S.C. § 12101, *et seq.* Accordingly, defendant asserts, removal pursuant to 28 U.S.C. §1441 was proper and this Court exercises jurisdiction under 28 U.S.C. § 1331. (ECF No. 24 at 1-2.) In its Supplemental Notice of Removal, Impaq further asserts that plaintiff's deposition transcript constitutes an "other paper" under 28 U.S.C. § 1446(b)(3) which provides additional support for the "facts supporting federal jurisdiction." (ECF No. 31 at 2-3.)

In his original Motion and in a belatedly filed Reply memorandum to defendant's opposition to Plaintiff's Motion, plaintiff expresses a preference for the Howard County forum and asserts that defendant's removal was intended to allow defendant to "run and hide out in Baltimore for litigation." (ECF No. 27 at 2.) Plaintiff raises no legal or factual argument in support of his position.

It is evident from the face of the Complaint and from plaintiff's own subsequent filings that plaintiff's claims are brought under the Americans with Disabilities Act, a federal statute over which this Court properly exercises original jurisdiction. Indeed, plaintiff's Motion for Summary Judgment asserts that plaintiff is entitled to punitive damages based on defendants' "violating the ADA Act of 1990 and the Americans with Disabilities Act Amendments Act ("ADAAA") of 2008." (ECF No. 33 at 3.) In addition, there is no indication—or even allegation—that the timing or content of defendant's notice of removal was improper.

In sum, this Court properly exercises subject matter jurisdiction over plaintiff's claims; defendant's removal was proper; and Plaintiff's Motion (ECF No. 12) must be DENIED.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Remand (ECF No. 12) is DENIED.

The pending Motions for Summary Judgment (ECF Nos. 33, 34) will be addressed in due course.

Dated: December 29, 2016         /s/
                                 Richard D. Bennett
                                 United States District Judge